IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| NIKOLAUS ALBRECHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-1212-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JUSTICES OF THE OREGON SUPREME COURT; PAUL J. DEMUNIZ, THOMAS A. BALMER, W. MICHAEL GILLETTE, RIVES KISTLER, MARTHA LEE WALTERS, VIRGINIA L. LINDER; and JEFF SAPIRO, manager of the regulatory services of the Oregon State Bar, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Nikolaus Albrecht
P. O. Box 9083
Portland, Oregon 97207

Pro Se Plaintiff

Hardy Myers
Attorney General
Elizabeth K. Bonucci
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

Susan D. Marmaduke
Harrang Long Gary Rudnick, PC
1001 SW Fifth Avenue, Suite 1650
Portland, Oregon 97204-1116

        Attorneys for Defendants

KING, Judge:

Plaintiff Nicholas Albrecht seeks reinstatement of his bar membership, alleging that defendants Justices of the Oregon Supreme Court–DeMuniz, Balmer, Gillette, Kistler, Walkers and Linder (collectively, "the State")–and Jeff Sapiro, manager of regulatory services of the Oregon State Bar, violated the ex post facto clause, denied him due process and equal protection, and violated Federal Rule of Criminal Procedure 6(e). Before me is the State's Motion to Dismiss (#7) and Sapiro's Motion to Dismiss (#16). For the reasons stated below, I grant the motions and dismiss Albrecht's complaint.

## BACKGROUND

Plaintiff was admitted to the Oregon State Bar in 1968. In approximately 1994, the Bar's Disciplinary Board sought to disbar plaintiff for his alleged participation in a money laundering scheme, thereby violating a number of disciplinary rules including committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law." DR 1-102(A)(2) (renumbered and slightly modified as Rule 8.4(a)(2) effective Jan. 1, 2005)). A

Page 2 - OPINION AND ORDER

majority of the trial panel held that the misconduct warranted disbarment. Plaintiff challenged that decision and, on March 14, 2002, the Oregon Supreme Court affirmed the sanction. In re Conduct of Albrecht, 333 Or. 520, 42 P.3d 887 (2002).

A summary of the relevant facts, supporting the discipline, follows. One of plaintiff's clients, Farber, was charged with a 1980 murder and plaintiff sat through the trial. During the trial, Farber testified that he earned money by distributing drugs. Farber was convicted, but was released in 1987. Several months after he was released, Farber sought plaintiff's assistance in a real estate transaction. Between 1987 and 1989, plaintiff represented Farber in a total of four real estate transactions. In order to complete each deal, Farber would ask plaintiff to deposit cash and checks in a trust account telling plaintiff that the money came from investors, and plaintiff would draw from the account for the down payment on the property. Plaintiff met only one of the buyers, on one occasion, a fellow who gave the name of McGuire. In May of 1989, plaintiff wrote a check to Farber from the trust account for $58,200, leaving $85.20, and Farber took the check and left the state. Plaintiff never had significant contact with Farber again.

Several weeks after Farber left the state, McGuire (his real name was Charlesworth) approached plaintiff asking for the same kind of services plaintiff had provided Farber. Plaintiff deposited cash and cashier's checks from McGuire into the trust account to cover down payments on four real estate transactions. All of the cashier's checks were in amounts less than $10,000 and all were payable to and endorsed by plaintiff.

In a drug sting operation, the authorities discovered McGuire's activities. He was indicted for money laundering and racketeering in 1992, and was later convicted. Plaintiff was

indicted as a co-defendant but he was acquitted in state court. Charges against the plaintiff in federal court were dropped. The Bar began disciplinary proceedings soon after.

After setting out the above facts, the Court opined:

> Most troubling of all was the manner by which the accused structured his deposits for McGuire. The accused's receipt from McGuire of $76,000 in a single day and his deposit of those funds over the course [of] two months in bundles that amounted to less tha[n] $10,000 demonstrates that the accused had become concerned about criminal exposure under 18 U.S.C. § 1957, which makes it a crime to engage in any monetary transaction involving criminally derived property having a value greater than $10,000. There was no reason for the accused to have structured the deposits as he did, unless he knew that McGuire's money was criminally derived. The accused has no explanation for his structuring of the McGuire deposits.

333 Or. at 540.

On November 18, 2003, the Oregon Supreme Court ordered a new trial based on new evidence. The new evidence was a letter Charlesworth wrote in which he states that he manipulated the deposits, without plaintiff's knowledge. The trial panel found Charlesworth not credible and affirmed its earlier decision disbarring plaintiff.

Plaintiff filed numerous motions challenging the disbarment, the latest of which was denied on July 18, 2006. On January 8, 2007, the United States Supreme Court denied his petition for *certiorari*. 127 S. Ct. 947 (2007).

Albrecht alleges defendants violated the Ex Post Facto Clause, as well as the Due Process and Equal Protection Clauses. Specifically, he claims defendants wrongly considered a reporting law for cashier's checks that did not exist at the time of his actions, used sealed, secret grand jury records in violation of Federal Rule of Criminal Procedure 6(e), did not consider his acquittal in the underlying criminal case, and rejected evidence that exonerated him.

**LEGAL STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

**DISCUSSION**

The State argues that plaintiff's action is barred by: the *Rooker-Feldman* doctrine, issue preclusion, the statute of limitations, and absolute judicial immunity. Similarly, Sapiro argues the *Rooker-Feldman* doctrine and the Eleventh Amendment bar the action, no "case or controversy" exists between plaintiff and Sapiro, no jurisdiction exists under Section 1983, and the statute of limitations bars plaintiff's action. Since application of the *Rooker-Feldman* doctrine is dispositive here, I need not address the remaining arguments.

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction where a party seeks reversal of a state court judgment. As explained by the Ninth Circuit, "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). In other words, where the federal plaintiff is "complaining of legal injury caused by a state court judgment

because of a legal error committed by the state court," *Rooker-Feldman* bars subject matter jurisdiction in federal district court. Id. at 1164.

Faced with similar facts, the Ninth Circuit determined that the district court did not have subject matter jurisdiction. Mothershed v. Justices of the Supreme Court, 410 F.3d 602 (9th Cir. 2005). In Mothershed, the Ninth Circuit dismissed the case of an attorney who brought a challenge to the disciplinary proceedings leading to his disbarment. The Oklahoma Bar Association disbarred the attorney as a result of a censure issued by the State Bar of Arizona on the basis that he had been unlawfully practicing law in Arizona. The attorney brought claims in federal court for due process and other constitutional violations, pursuant to 42 U.S.C. § 1983, as well as state law tort claims, based in part on the fact that he was never served with a summons in the Arizona proceeding. The Ninth Circuit held:

> Mothershed's claims premised upon the alleged absence of a summons directing him to appear at the Arizona disciplinary hearing are . . .barred by the *Rooker-Feldman* doctrine because these claims constitute a particularized challenge to the Arizona disciplinary proceedings' results. The district court therefore correctly concluded that it lacked subject matter jurisdiction over Mothershed's § 1983 and state law tort claims against the Arizona defendants, all of which are premised upon his failure to receive a summons.

410 F.3d at 607-8.[1] See also Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are 'inextricably intertwined' with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do.").

---

[1]In contrast, Louis v. Supreme Court of Nevada, 490 F. Supp. 1174, 1179-80 (D. Nev.1980), another case upon which plaintiff relies, dealt with a generalized challenge to the Nevada Bar's practice of waiving objections to the non-ABA accredited law schools that men attended and allowing them to take the bar, but refusing to grant similar waivers to women thereby precluding such women from taking the bar.

Contrary to plaintiff's suggestion, his case is not similar to In re Kramer, 193 F.3d 1131 (9th Cir. 1999). In that case, the Ninth Circuit concluded an exception to the *Rooker-Feldman* doctrine exists "if the state court's order is offered as the basis for suspending or disbarring an attorney from practice before a federal court." 193 F.3d at 1133. Plaintiff specifically references Local Rule 83.6, which sets forth the procedures for instituting disciplinary actions in this court. However, a lawsuit against these named parties is not the proper vehicle for challenging this court's decision to discipline plaintiff.

Based on the foregoing, and following the guidance of the Ninth Circuit, this court lacks subject matter jurisdiction to decide the issues Albrecht raises.

## CONCLUSION

The defendants' Motions to Dismiss (#7, #16) are granted, and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      2nd       day of November, 2007.

                                             /s/ Garr M. King
                                             Garr M. King
                                             United States District Judge